```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


MATILDA I. KNIGHT,              :

     Plaintiff,                  :

vs.                              :
                                    CIVIL ACTION 07-0372-CG-M
MICHAEL J. ASTRUE,              :
Acting Commissioner of
Social Security,                 :

     Defendant.                  :
```

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Oral argument was heard on January 30, 2008.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Mildred I. Knight.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-eight years old, had completed a high school education[1] (Tr. 251), and had previous work experience as a cashier and stocker (Tr. 252). In claiming benefits, Plaintiff alleges disability due to degenerative process of the neck with possible nerve impingement, arthritis, depression, and hypertension (Doc. 13 Fact Sheet).

The Plaintiff filed protective applications for disability insurance and SSI on February 1, 2005 (Tr. 39-43, 184-87; *see also* Tr. 13). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Knight was capable of performing her past relevant work as a cashier (Tr. 10-20). Plaintiff requested review of the hearing decision (Tr. 194) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Knight alleges

---

[1] Plaintiff testified that she had received a Graduate Equivalency Degree (Tr. 251).

that:  (1) The ALJ did not properly develop the medical record; and (2) the ALJ incorrectly determined that she could perform her past work (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 16).

Knight's first claim is that the ALJ did not properly develop the medical record.  Plaintiff more specifically asserts that she testified at the hearing before the ALJ that she had seen Dr. Iqbal at the Mostellar Medical Clinic and that the ALJ did not see any of those records (Doc. 13, pp. 8-12).  The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The evidence shows that Plaintiff testified that she had seen Dr. Iqbal in March and August 2006, one and six months before the hearing (Tr. 248, 253-54).  In his decision, the ALJ stated that "he advised the claimant to submit any additional records for his consideration but there is no evidence that she presented any further evidence to support her allegation of disability" (Tr. 18).  The record reveals that the ALJ did tell Knight to mail any additional evidence to him (Tr. 255).  Defendant has argued that the ALJ did what was required of him and that the Appeals Council considered the evidence, found at Tr. 216-240, even though the ALJ did not (Doc. 16, pp. 13-14).

It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994). However, "when the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999). The Court notes that the Eleventh Circuit Court of Appeals has further stated the following with regard to this issue:

> Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council. Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand.

*Ingram v. Commissioner of Social Security Administration*, 496

F.3d 1253 (11th Cir. 2007).

In examining the action at hand, the Court notes that the Appeals Council denied review of the additional evidence (Tr. 4-5). The Court further notes that Plaintiff is claiming that the ALJ's decision is not supported by substantial evidence and is not challenging the Appeals Council's decision to deny review of the new evidence (Docs. 1, 13). Therefore, this Court need not review the new evidence. *Falge*, 150 F.3d at 1324. The Court will limit its review of the evidence to the same evidence that the ALJ considered. As the Appeals Council reviewed the submitted evidence and found no basis for reviewing the ALJ's decision, the Court finds that Knight's claim with regard to this issue is of no merit.[2]

Plaintiff's next claim is that the ALJ incorrectly determined that she could perform her past work as a cashier (Doc. 13, pp. 6-8). The Court notes that Plaintiff has the burden of proving that she cannot perform her past relevant work.

---

[2] Plaintiff has made a related argument in asserting that the ALJ failed to satisfy the requirements of *Social Security Administration Hearings, Appeals and Litigation Law Manual*, Vol. I, Division 2-7-20 (HALLEX) in that the ALJ did not provide for a specific period of time to keep the record open so that Knight could submit the additional evidence (Doc. 13, pp. 10-11). Plaintiff specifically references a section entitled "Claimant Requests Additional Time to Submit Evidence or Arguments after the Hearing" (*see id.*).
The Court notes, first, that Plaintiff did not request the opportunity to provide additional evidence. Second, the evidence was not submitted until December 14, 2006 (Tr. 215); this is more than two and one-half months after the ALJ's decision was entered (Tr. 20) and three months after the evidentiary hearing of September 6, 2006 (Tr. 248). The Court finds that this argument lacks merit as well.

*Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (*citing Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)).  The Eleventh Circuit Court of Appeals has further held that

> [a]lthough a claimant bears the burden of demonstrating an inability to return to his past relevant work, the Secretary has an obligation to develop a full and fair record. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work.  *Nelms*, 803 F.2d at 1164.

*Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

The ALJ, in this action, found that Plaintiff had the residual functional capacity to perform light work (Tr. 16, 19).[3]  The ALJ also specifically held that the position of cashier was a light job according to the *Dictionary of Occupational Titles* § 311.472-010[4] (hereinafter *DOT*) (Tr. 19).

---

[3] The ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 404.1546 (2007).

[4] Some of the language from this *DOT* section is as follows:

311.472-010 FAST-FOODS WORKER

Industry Designation: Hotel and Restaurant Industry

Alternate Titles: Cashier, Fast Foods Restaurant

Serves customer of fast food restaurant:  Requests customer order and

The Court notes that Plaintiff completed a vocational form, in connection with her applications, in which she indicated that her past work as a cashier required her to walk for two hours and stand for four hours during a work day (Tr. 80). Additionally, she was required to climb for three hours and lift as much as twenty pounds, though she frequently had to lift only ten pounds (*id.; see also* Tr. 81).

The Court finds that the vocational evidence of Knight's past work, coupled with the *DOT*'s description of the job duties for a cashier as the job is normally performed in the fast food industry, satisfies the ALJ's burden of demonstrating that there

---

depresses keys of multicounting machine to simultaneously record order and compute bill.  Selects requested food items from serving or storage areas and assembles items on serving tray or in takeout bag.  Notifies kitchen personnel of shortages or special orders.  Serves cold drinks, using drink-dispensing machine, or frozen milk drinks or desserts, using milkshake or frozen custard machine.  Makes and serves hot beverages, using automatic water heater or coffeemaker.  Presses lids onto beverages and places beverages on serving tray or in takeout container.  Receives payment.  May cook or apportion french fries or perform other minor duties to prepare food, serve customers, or maintain orderly eating or serving areas.

GUIDE FOR OCCUPATIONAL EXPLORATION: 09.04.01

STRENGTH:  Light Work - Exerting up to 20 pounds of force occasionally (Occasionally:  activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently:  activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly:  activity or condition exists 2/3 or more of the time) to move objects.  Physical demand requirements are in excess of those for Sedentary Work.  Even though the weight lifted may be only a negligible amount, a job should be rated Light Work:  (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

are jobs in the national economy which she can perform. Plaintiff's claim otherwise is without merit.

Knight has raised two different claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Matilda I. Knight.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with

a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 31st day of January, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE